# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEWIS, | ) 1:12cv00795 AWI DLB PC  <br>)  <br>) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION  <br>) REGARDING DISMISSAL OF ACTION |
| vs. | ) FOR FAILURE TO STATE ANY CLAIMS  <br>) |
| R. ROSENTHAL, et al., | ) THIRTY-DAY OBJECTION DEADLINE  <br>) |
| Defendants. | ) |

Plaintiff Jerry Lewis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 15, 2012. He names Corcoran State Prison ("CSP") Senior Librarian R. Rosenthal, former CSP Principal B. Van Klaveren and CSP Academic Vice Principal R. Moser as Defendants.

A.  **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that he has been diligently seeking habeas relief from his 40 years to life sentence since 2006. On May 11, 2011, the Ninth Circuit authorized Plaintiff to file a motion for relief from judgment in the District Court. On July 13, 2011, at 12:45 p.m., Plaintiff went to the 3C-Yard library to get required copies and other legal material to mail the motion to the court. He alleges that he explained the urgency to Defendant Rosenthal, but Rosenthal denied Plaintiff any copies and legal materials. Plaintiff further alleges that in response to the first level appeal, Defendant Rosenthal lied by stating that Plaintiff arrived at 2:30 p.m., when Rosenthal was getting ready to leave, and telling Plaintiff that he needed to leave any paperwork with him to have copies made. Rosenthal further stated that Plaintiff refused to leave the paperwork and did not return at a later time.

On July 19, 2011, Plaintiff told Defendant Van Klaveren that Rosenthal knowingly denied Plaintiff copies, legal material and access to the courts. Defendant Van Klaveren told Plaintiff that Rosenthal has the authority to deny copies and legal materials if Plaintiff does not leave his confidential legal mail with Rosenthal and allow him to personally mail the documents.

On September 29, 2011, Plaintiff was interviewed on his first level appeal by Defendant R. Moser, who partially granted the appeal by allowing Plaintiff to receive legal envelopes. Moser denied Plaintiff's request for copies because Plaintiff did not leave the documents with Rosenthal. Moser indicated that when circumstances require, the librarian may ask that documents to be copied be left with the librarian. Once copied, Moser explained that the documents would be returned within five days.

Plaintiff then gives the procedural history of his District Court action and indicates that he had to seek access "via alternative avenues due to prison official's draconian library practices." Complaint, at 5. At all stages of the proceeding, Plaintiff was able to file his documents with the court.

Plaintiff requests $20,000.00 in damages from each Defendant.  He also asks that the 3C-Yard library be required to adopt "library practices which will adequately afford all inmates fair and just access to the courts."  Complaint, at 3.

**C.     ANALYSIS**

  1.  *Right of Access to the Courts*

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate.  <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation.  <u>Nevada Dep't of Corr. v. Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing <u>Lewis v. Casey</u>, 518 U.S. 343, 348 (1996)) (quotation marks omitted).

Here, Plaintiff admits that he has been able to file all necessary documents with the District Court for the Central District of California.  Plaintiff filed his motion for relief from judgment on or about August 18, 2011, and filed timely objections to the Report and Recommendation.  After considering Plaintiff's objections, the Court issued a Superseding Report and Recommendation that the motion be granted and Plaintiff be allowed to file an amended petition.  On November 15, 2011, Plaintiff filed a Motion for Stay and Abeyance.  The court denied the motion on November 17, 2011, but allowed Plaintiff to file a supplement to the motion within 20 days.  On December 4, 2011, Plaintiff filed his supplement and the Court issued a Report and Recommendation that the stay be denied.  On January 9, 2012, Plaintiff filed objections and on January 18, 2012, the Court adopted in part the Report and Recommendation.  Plaintiff's action proceeded and on April 11, 2012, Respondent filed a "Response to Order Re Further Proceedings."  Plaintiff filed his answer to the response on April 27, 2012.

It is therefore evident that Plaintiff has not suffered any actual injury.  He has been able to file appropriate pleadings throughout the action and appears to have received a favorable

result thus far.  Although Plaintiff states that he did not file objections to the Superseding Report and Recommendation because of denial of access to the court, his failure to do so was irrelevant because the motion for relief was granted.  Moreover, Plaintiff was able to file a Motion to Stay on November 15, 2011, despite contending that he could not file objections, and the action proceeded.

The absence of an injury precludes a denial of access claim, and Plaintiff's complaint is devoid of any facts suggesting any injury occurred.  Christopher v. Harbury, 536 U.S. 403, 415-416 (2002); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004).  Therefore, Plaintiff fails to state a claim for denial of access to the courts against any Defendant and the insufficiency cannot be cured by amendment.

   2.   *Defendants Van Klaveren and Moser*

Plaintiff's only allegations relating to Defendants Van Klaveren and Moser are made in the context of their involvement in the appeals process.  It appears that Plaintiff simply did not agree with the outcome of his grievance.  However, the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result, or that the appeals process was deficient.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Plaintiff therefore fails to state a claim against Defendants Van Klaveren and Moser based on their involvement in the appeals process.  This claim cannot be cured through amendment.

## **RECOMMENDATION**

Plaintiff fails to state any cognizable claims against any Defendant and it does not appear that he can successfully amend to sure the deficiencies.  Plaintiff is unable to state a claim and leave to amend should not be granted.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    **January 8, 2013**                    /s/ Dennis L. Beck
                                                 UNITED STATES MAGISTRATE JUDGE