# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JERRY LEWIS, | ) 1:12cv00795 AWI DLB PC |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING PLAINTIFF'S EMERGENCY |
| vs. | ) REQUEST FOR LIBRARY ACCESS |
| | ) |
| R. ROSENTHAL, et al., | ) (Document 9) |
| | ) |
| Defendants. | ) |

Plaintiff Jerry Lewis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 15, 2012. He names Corcoran State Prison ("CSP") Senior Librarian R. Rosenthal, former CSP Principal B. Van Klaveren and CSP Academic Vice Principal R. Moser as Defendants.

On December 26, 2012, Plaintiff filed a document entitled, "Emergency Request to Order Defendants to Allow Plaintiff Access to Library and Legal Material." The Court construes the request as a motion for preliminary injunction and for the reasons that follow, recommends that it be denied.

1

## DISCUSSION

In his request, Plaintiff states that the CSP law library is closed 90 percent of the time and when it is open, there is no reliable scheduling.  He also attaches a Memorandum from AVP Jay Pehrson offering solutions to the inmates' law library concerns.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."  Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir.2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985) (emphasis added).

By separate Findings and Recommendations, the Court recommended dismissal of Plaintiff's complaint without leave to amend for failure to state a claim for which relief may be granted. Specifically, the Court found that Plaintiff failed to state a denial of access to the courts claim because he did not suffer an actual injury. Despite his allegations, Plaintiff was able to file pleadings with the court at all stages of the proceeding. Thus, at this point in time, there is no case or controversy before the Court and it has no jurisdiction to issue a preliminary injunction. Further, a preliminary injunction does not serve the purpose of ensuring that Plaintiff is able to litigate this action effectively or efficiently.

The pending Findings and Recommendations also demonstrate that Plaintiff has not carried his burden of demonstrating a fair chance of success on the merits.

## **RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's request for a preliminary injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 10, 2013**                    /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE

3